IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony Waddell McManus, | ) C/A No. 0:10-3164-SB-PJG |
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Warden Darlene Drew, | ) **RECOMMENDATION** |
| Respondent. | ) |

The petitioner, Tony Waddell McManus ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is a federal inmate at FCI-Bennettsville. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

Petitioner is serving a sentence of two hundred eighty-four (284) months for two counts of armed bank robbery and a firearms offense (carrying and brandishing a firearm during a crime of violence). Petitioner was sentenced in the United States District Court for the Middle District of North Carolina on December 14, 2000, in Criminal No. 1:00-CR-189-2 and Criminal No. 1:00-CR-190-2-3, pursuant to guilty pleas. Petitioner's convictions and sentences were affirmed on direct appeal in United States v. Tony McManus, No. 01-4024, 20 Fed. Appx. 139, 2001 WL 1141292 (4th Cir. Sept. 27, 2001).

In the above-captioned case, Petitioner challenges his sentence enhancement for a prior state court conviction in North Carolina. One of the predicate offenses used to

enhance Petitioner's sentence was a state misdemeanor offense, which was treated as a felony by the sentencing court because it carried a two-year maximum term. Petitioner raised this ground on direct appeal, but the United States Court of Appeals for the Fourth Circuit rejected it:

> McManus claims that he should not have been sentenced as a career offender because his prior conviction for assault on a female was not a qualifying offense. This court rejected a similar argument in United States v. Johnson, 114 F.3d 435, 444-45 (4th Cir. 1997). We further reject McManus' assertion that this conviction should not count against him because it was uncounseled. The presentence report shows that McManus voluntarily waived his right to counsel.

United States v. Tony McManus, 20 Fed. Appx. at 140.

Petition filed a motion for appropriate relief in the General Court of Justice (District Division) in North Carolina (Case No. 91 CR 11681) for Guilford County under North Carolina's post-conviction procedure statute, N.C. Gen. Stat. § 15A-1415. On July 15, 2010, the state district court vacated the conviction. (ECF No. 1-2 at 2, 17.) Hence, Petitioner contends that he is "Actually Innocent of Career Offender Enhancement Sentence." Petitioner states that he has submitted his claims to the Federal Bureau of Prisons, which has denied his claim at all administrative levels.

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70



(4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct

*PJG*

the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The claims raised in the above-captioned case are not proper § 2241 grounds. In this Petition, McManus is attacking the validity of his sentence rather than his conviction, a claim that should normally be brought under 28 U.S.C. § 2255 unless McManus can satisfy the savings clause of § 2255. See San-Miguel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002).

The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, McManus must satisfy the test provided in In re Jones, 226 F.3d 328 (4th Cir. 2000), which requires that

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed

> such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.  McManus concedes that he cannot satisfy all the elements of this test.

Moreover, the savings clause has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines.  See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34).  Accordingly, McManus has not raised a claim that may be presented in a § 2241 petition, and he has not demonstrated that he has been granted leave from the Fourth Circuit to file a successive § 2255 petition.  His Petition should therefore be summarily dismissed.  See United States v. Kelley, CR No. 3:04-998-CMC, 2010 WL 5140593, *3-5 (D.S.C. Dec. 13, 2010); Riddle v. Mitchell, C/A No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. Apr. 27, 2010); Chestnut v. Mitchell, C/A No. 9:09-03158-RBH, 2010 WL 569577 (D.S.C. Feb. 12, 2010).

### RECOMMENDATION

Accordingly, the court recommends that the § 2241 petition be dismissed without prejudice *and without requiring the respondent to file an answer or return*.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may



enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

                                                _____
                                                Paige J. Gossett
                                                UNITED STATES MAGISTRATE JUDGE

January 13, 2011
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).