IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tony Waddell McManus,               )
                                    )
                Petitioner,         )
                                    )
v.                                  )        Civil Action No. 0:10-3164-SB
                                    )
Warden Darlene Drew,                )        **ORDER**
                                    )
                Respondent.         )
_____)

      This matter is before the Court on Petitioner Tony Waddell McManus's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, wherein he challenges his sentence enhancement based on a prior state conviction in North Carolina. The record includes the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a). In the R&R, which was filed on January 13, 2011, Magistrate Judge Paige J. Gossett recommends that the Court summarily dismiss this petition. Attached to the R&R was a notice advising the Petitioner of the right to file specific, written objections to the R&R within 14 days of the date of being served with a copy of the R&R. See 28 U.S.C. § 636(b)(1). On January 26, 2011, the Petitioner filed timely objections.

## ANALYSIS

      The Petitioner pleaded guilty to two counts of armed robbery and a firearms offense and was sentenced to 284 months of imprisonment by the United States District Court for the Middle District of North Carolina on December 14, 2000. The Fourth Circuit Court of Appeals affirmed the Petitioner's convictions and sentences in 2001. United States v. McManus, 20 F. App'x 139 (4th Cir. 2001). At some point the Petitioner filed a section

2255 motion, but it appears that this motion was denied.

On January 5, 2005, the Petitioner filed a petition for a writ of habeas corpus pursuant to section 2241, asserting that a prior conviction for "assault on a female" should not have been used to enhance his sentence (raising him to career offender status) because he did not knowingly and voluntarily waive his right to counsel in that matter. The Petitioner asserted that he sought permission to file a successive application pursuant to 28 U.S.C. § 2244 but that the Fourth Circuit denied his request. Thus, the Petitioner claimed that section 2255 was inadequate or ineffective. After review, this Court denied the petition, finding that the Petitioner had failed to show that section 2255 was inadequate or ineffective. McManus v. United States, 2005 WL 6157100 (D.S.C. Sept. 26, 2005), adopting the Report and Recommendation, McManus v. Hamidullah, 2005 WL 6157099 (D.S.C. 2005). The Petitioner appealed the Court's decision, but on June 30, 2006, the Fourth Circuit affirmed the Court's order. McManus v. Hamidullah, 187 F. App'x 309 (4th Cir. 2006).

In the instant petition, the Petitioner again claims that he was incorrectly sentenced as a career offender because he did not have counsel represent him on one of the predicate convictions (for assault on a female). This time, however, the Petitioner has attached to his petition a copy of a North Carolina state court order signed on July 14, 2010, granting the Petitioner relief and setting aside his state conviction for assault on a female based on the fact that his guilty plea was not counseled and was not knowingly and voluntarily entered. (Entry 1-2.) In his memorandum in support of his petition, the Petitioner notes that the Fourth Circuit denied his request to file a successive section 2255 motion on October 15, 2004, and he now asserts that section 2255 is inadequate or

2

ineffective to test the legality of his conviction and that the savings clause allows him to bring this 2241 petition.

On January 13, 2011, Magistrate Judge Gossett issued an R&R, recommending that the Court dismiss the instant petition without prejudice based on the fact that the Petitioner has not raised a proper section 2241 claim and that he has not received authorization from the Fourth Circuit to file a successive section 2255 motion. On January 26, 2011, the Petitioner filed objections to the R&R, again asserting that relief under section 2241 is available to him and that he is actually innocent of the career offender status.

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for such objection. Id.

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, when section 2255 "proves inadequate or ineffective to test the legality of detention," a federal prisoner may pursue relief pursuant to section 2241.[1] In re Vial, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate

---

[1] This principle is found in the oft-referenced "savings clause" of section 2255. See 28 U.S.C. § 2255(e).

3

or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." Id. at 1194, n. 5.

The Fourth Circuit has identified circumstances when a federal prisoner may use a section 2241 petition to attack the legality of a conviction. Specifically, section 2255 is inadequate or ineffective–meaning that a petitioner may use section 2241–when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, the Petitioner argues that he is actually innocent of being a career offender, and he has supported his claim by filing a copy of a state court order vacating one of the predicate convictions used to enhance his sentence. However, because the Petitioner is attacking the validity of his sentence, his claim is one that should be brought under section 2255 (and such motion must be brought in the court that imposed the sentence, which here is the Middle District of North Carolina). Therefore, as the Magistrate Judge concluded, the Petitioner is barred from proceeding under section 2241 unless he can show that section 2255 is "inadequate or ineffective." After review, the Court agrees with the Magistrate Judge that the Petitioner has failed to show that section 2255 is inadequate or ineffective.

First, the fact that the Petitioner did not prevail in his previous section 2255 motion (or section 2241 petition) does not mean that the potential relief was inadequate or

4

ineffective.  Second, the Petitioner fails to meet the <u>Jones</u> standard because he cannot point to any change in the law that made elements of the career offender application non-criminal.[2]  Moreover, it does not appear that the Petitioner's claim that he is "actually innocent" of the career offender status is sufficient to establish the inadequacy of section 2255.  <u>See</u> <u>Poole</u>, 531 F.3d 263, 267, n. 7 ("Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitions challenging only their sentence."); <u>Jones</u>, 226 F.3d at 333-34 (outlining the circumstances in which "§ 2255 is inadequate and ineffective to test the legality of a <i>conviction</i>"); <u>see also</u> <u>Kinder v. Purdy</u>, 222 F.3d 209, 213-14 (5 th Cir. 2000).  As previously mentioned, the Petitioner here is not challenging his conviction or how his sentence is being carried out, but rather, he is challenging the sentence itself.  And ultimately, section 2241 is not the proper vehicle by which to challenge the validity of his sentencing enhancement.  Finally, as a practical matter, it does not appear that the Petitioner has asked the Fourth Circuit for permission to file a second or successive section 2255 motion following the North Carolina state court's order dated July 14, 2010.

Based on all of the foregoing, the Court agrees with the Magistrate Judge that the

---

[2] Even the Petitioner appears to recognize that he cannot meet the <u>Jones</u> standard. (Entry 1-10 at 10.)  In his petition, he relies upon the case of <u>Poole v. Dotson</u>, 469 F. Supp. 2d 329 (D. Md. 2007).  In <u>Poole</u>, the district court, on facts somewhat similar to those present in this case, allowed Poole, who was incarcerated as a career offender when he was not in fact a career offender at the time of his sentencing, to proceed pursuant to section 2241 even though Poole could not satisfy the exact <u>Jones</u> standard.  On appeal, the Fourth Circuit reversed the district court, finding that the district court did not have jurisdiction over Poole because of the immediate custodian rule.  The Fourth Circuit also noted that "[its] precedent has likewise not extended the reach of the savings clause to those petitions challenging only their sentence." <u>United States v. Poole</u>, 531 F.3d 263, 267, n.7 (4th Cir. 2008).

Petitioner has failed to set forth a claim cognizable pursuant to 28 U.S.C. § 2241.

Accordingly, it is hereby

**ORDERED** that the R&R (Entry 7) is adopted; the Petitioner's objections (Entry 9) are overruled; and the instant petition is dismissed without prejudice and without requiring the Respondent to file a response.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April **11**, 2011
Charleston, South Carolina

#6

6